UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KAREN COLEMAN                                                                                      PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:14-CV-00640-CRS

MARY JANE M. ELLIOTT, P.C.                                                           DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the motion of Defendant Mary Jane M. Elliott, P.C., ("Elliott") to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (DN 5). For the following reasons, the Court will grant Elliott's motion. Plaintiff Karen Coleman's Complaint (DN 1-1) will be dismissed without prejudice.

### I.     BACKGROUND

Elliott is a law firm organized as a professional services corporation under Michigan law. (Compl., DN 1-1, ¶ 5.) On April 16, 2004, Elliott filed suit against Plaintiff on behalf of Westport Properties, Ltd., ("Westport") in Michigan state court. (Summons and Compl., DN 5-3.) On September 3, 2004, the state court entered a default judgment against Plaintiff for unpaid rent. (Compl., DN 1-1, ¶ 8–9.)

Nearly ten years later, on July 16, 2014, Elliott acquired a writ of garnishment (DN 5-5) to collect that judgment from Plaintiff's employer, Flextronics America, LLC ("Flextronics"). (Compl., DN 1-1, ¶ 10.) Flextronics was served with the writ of garnishment in Bingham Farms, Michigan. (Writ for Garnishment, DN 5-5.) As a result, Plaintiff's wages are being garnished to satisfy the judgment entered in favor of Westport. (Compl., DN 1-1, ¶ 11.)

On August 22, 2014, Plaintiff filed this action in Jefferson County District Court. (Compl., DN 1-1.) Plaintiff, who now lives in Louisville, Kentucky, alleges that Elliott never served her with process in Westport's lawsuit and thus the default judgment and garnishment of her wages were wrongfully obtained. (Compl., DN 1-1, ¶ 12; Coleman Aff., DN 6-1, ¶ 2.) Plaintiff states that the address shown on the proof of service (DN 5-4)—9703 Berkshire Street, Detroit, Michigan—belongs to her mother. (Coleman Aff., DN 6-1, ¶ 3.) Plaintiff further asserts that she did not reside at the address at the time of service and that her mother did not inform her of Westport's lawsuit. (Coleman Aff., DN 6-1, ¶ 3–4.) According to Plaintiff, she first learned of Westport's lawsuit when the garnishment of her wages began. (Coleman Aff., DN 6-1, ¶ 5.)

Plaintiff's Complaint (DN 1-1) asserts two claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* First, Plaintiff claims that Elliott violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the debt to Westport. (Compl., DN 1-1, ¶ 14.A.) Second, Plaintiff claims that Elliott violated 15 U.S.C. § 1692f(1) by attempting to collect money to which Westport was not entitled. (Compl., DN 1-1, ¶ 14.B.)

On September 22, 2014, Elliott removed the case to this Court, citing the existence of a federal question as the basis for subject matter jurisdiction. (Notice of Removal, DN 1, ¶ 2.) Elliott then filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (DN 5). In support of its motion, Elliott submitted a sworn affidavit disclaiming any contact with Kentucky (DN 5-2). Elliott's place of business is located in Novi, Michigan. (Manion Aff., DN 5-2, ¶ 1.) Elliott maintains no office in Kentucky, and it directs no business operations within Kentucky. (Manion Aff., DN 5-2, ¶ 2–3.) The firm does not solicit or transact business in Kentucky, nor hold any license or certification to do business in that state. (Manion Aff., DN 5-2, ¶ 2–3.)

Finally, Elliott employs no attorney holding a license to practice law in Kentucky. (Manion Aff., DN 5-2, ¶ 2.) Elliott's motion to dismiss is now fully briefed and ripe for decision.

## II. STANDARD

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where, as here, the Court decides a Rule 12(b)(2) motion to dismiss without conducting an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdiction." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). The plaintiff, however, must set out the facts supporting jurisdiction with "reasonable particularity." *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Cal. Fed. Savings & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)) (internal quotation marks omitted). In ruling on the motion, the Court will view the pleadings and affidavits in the light most favorable to the plaintiff, and it "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Id.*

## III. DISCUSSION

### A. Personal Jurisdiction

In federal question cases, the Court holds personal jurisdiction over a defendant if (1) the defendant is amenable to service of process pursuant to the forum state's long-arm statute and (2) the exercise of personal jurisdiction would not deny due process under federal Constitution. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Elliott contends that Plaintiff's proposed exercise of personal jurisdiction fails both of those requirements. The Court agrees that, in this instance, Elliott cannot be reached by Kentucky's long-arm statute, KRS 454.210, and it therefore need not address the issue of constitutional due process.

Elliott is not amenable to service of process under Kentucky's long-arm statute, KRS 454.210. The long-arm statute must authorize personal jurisdiction over a defendant before service of process may be made. KRS 454.210(3)(a). KRS 454.210's grant of personal jurisdiction does not extend to the outermost boundaries of federal due process. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56–57 (Ky. 2011) (overruling *Cummings v. Pitman*, 239 S.W.3d 77, 84–85 (Ky. 2007), and *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002)). Though the statute's provisions "should be liberally construed in favor of long-arm jurisdiction, their limits upon jurisdiction must be observed as defined." *Id.* at 56. A claim premised on contacts, conduct, and activities that do not fit within one of KRS 454.210's nine specific categories falls outside of the statute's reach, regardless of whether federal due process would otherwise allow the exercise of personal jurisdiction. *Id.*

Plaintiff relies solely on KRS 454.210(2)(a)(3) in asserting that the long-arm statute grants personal jurisdiction over Elliott. KRS 454.210(2)(a)(3) provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's . . . [c]ausing tortious injury by an act or omission in this Commonwealth." Plaintiff argues that Flextronics served as the agent of Elliott in wrongfully garnishing her wages in Kentucky and thus the long-arm statute authorizes personal jurisdiction over Elliott based on its agent's allegedly tortious acts within the state. Plaintiff, however, offers no authority for the proposition that a garnishment proceeding transforms the garnishee into the agent of the judgment creditor. In fact, the argument misconstrues the nature of such proceedings under Michigan law.

In Michigan, "[g]arnishment actions are authorized by statute," and a court "may exercise its garnishment power only in accordance with the Michigan Court Rules." *Nationsbanc Mortg.*

*Corp. of Ga. v. Luptak*, 625 N.W.2d 385, 387 (Mich. Ct. App. 2000) (citing MCL 600.4011(1)–(2)). "Once a judgment is obtained, garnishment is a legitimate and common procedure to satisfy a claim. . . . Rather than being a new or different action, a garnishment proceeding is ancillary to the original suit." *Ward v. Detroit Auto. Inter-Ins. Exch.*, 320 N.W.2d 280, 282–83 (Mich. Ct. App. 1982) (footnotes omitted). The Michigan Court Rules establish a process through which the garnishee's liability to the judgment creditor is determined in much the same manner as other civil actions—creating a suit within a suit. *See* MCR 3.101. The garnishee and judgment creditor are akin to opposing litigants, and it is only by order of the court that the garnishee turns over the judgment debtor's property to the judgment creditor:

> [Garnishment] is a proceeding by which a third party is involuntarily drawn into a litigation for which he is not responsible and in which he has no interest, the ultimate object being to compel him to pay a contractual indebtedness to another than the creditor to whom he owes the debt. It is said to be a proceeding substantially in rem, by which the garnishee defendant's indebtedness is impounded or taken into the custody of the court for the benefit of a creditor of his creditor and he made *an involuntary stakeholder, receiver, agent, or trustee of the court* to hold the fund, or res, until it is determined in the litigation who is entitled to it, or he is otherwise relieved of his trust.

*Katt v. Swartz*, 165 N.W. 717, 719 (Mich. 1917) (emphasis added).

Under the common law, "fundamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him." *St. Clair Intermediate Sch. Dist. v. Intermediate Educ. Ass'n/Mich. Educ. Ass'n*, 581 N.W.2d 707, 716 (Mich. 1998) (citations omitted). Elliott possesses no right to control Flextronics in the garnishment of Plaintiff's wages. Rather, Flextronics—as the garnishee—must impound and deliver the debt it owes to Plaintiff at the behest of the court. Though Elliott petitioned for the garnishment, the court alone holds power to grant and continue that relief. Without a right to control, Flextronics cannot be deemed Elliott's agent for the purpose of the wage garnishment.

In the absence of an agent, KRS 454.210(2)(a)(3) offers no basis for personal jurisdiction as Elliott did not directly perform a tortious act or omission in Kentucky. Elliott's conduct relevant to this action occurred entirely in Michigan. Elliott first sued Plaintiff on behalf of Westport in Michigan state court. In the course of that litigation, Elliott allegedly failed to serve process on Plaintiff by using an incorrect Detroit address. Then, Elliott again sought relief from Michigan state court in the garnishment proceeding, during which it served the writ of garnishment on Plaintiff's employer in Bingham Farms, Michigan. Elliott simply engaged in no acts or omissions in Kentucky. Therefore, KRS 454.210(2)(a)(3) is inapplicable.

While Elliott's conduct in Michigan allegedly caused a consequence in Kentucky, KRS 454.210(2)(a)(3) requires that the tortious act or omission—not merely its consequence—occurred within Kentucky. *Bondurant v. St. Thomas Hosp.*, 366 S.W.3d 481, 485–86 (Ky. App. 2011); *Pierce v. Serafin*, 787 S.W.2d 705, 706–07 (Ky. App. 1990); *see Spectrum Scan, LLC v. AGM Cal.*, 519 F. Supp. 2d 655, 659 (W.D. Ky. 2007); *Powers v. Park*, 192 S.W.3d 439, 443 (Ky. App. 2006). Kentucky courts reject the "consequence" theory of personal jurisdiction under KRS 454.210(2)(a)(3) because it would render KRS 454.210(2)(a)(4) meaningless. *Pierce*, 787 S.W.2d at 706–07. KRS 454.210(2)(a)(4) authorizes personal jurisdiction based on an out-of-state act or omission under the following circumstances:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's . . . [c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth . . . .

Notably, Plaintiff makes no argument for personal jurisdiction pursuant to KRS 454.210(2)(a)(4) as the record is devoid of facts showing that Elliott regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue in Kentucky.

The Court concludes that Elliott is not subject to personal jurisdiction under Kentucky's long-arm statute, KRS 454.210, and, accordingly, is not amenable to service of process. For this reason, the Court cannot exercise personal jurisdiction over Elliott in this action. The Court will not decide whether the proposed exercise of personal jurisdiction would otherwise comport with federal due process.

### B. Transfer Under 28 U.S.C. § 1631

In her responsive brief, Plaintiff suggests that, if the Court lacks personal jurisdiction over Elliott, it should transfer this case to the United States District Court for the Eastern District of Michigan, Detroit Division, pursuant to 28 U.S.C. § 1631. Section 1631 provides that, when a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." *Id.* § 1631. "A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) 'transfer would not be in the interest of justice.'" *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (citation omitted).

Here, Plaintiff states that transfer is proper in this case without explanation. She offers no reasoning to demonstrate that transfer would further the interest of justice—a flaw fatal to her request. *See Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012). Plaintiff does not assert that the refiling of her action will be barred by the applicable statute of limitations, *see Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009), nor

does she complain of additional expenses, *see Roman*, 340 F.3d at 329. The Court will dismiss this action without prejudice because Plaintiff failed to establish that transfer is in the interest of justice.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Elliott's motion to dismiss for lack of personal jurisdiction (DN 5). A separate order and judgment will be entered this date in accordance with this Memorandum Opinion dismissing Plaintiff's Complaint (DN 1-1) without prejudice.

May 21, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

-8-